United States District Court
For the Northern District of California

1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   NORTHERN DISTRICT OF CALIFORNIA
7
8   AURORA LOAN SERVICES, LLC,              No. C-11-5585 EMC
9              Plaintiff,
                                            **TENTATIVE RULING GRANTING
10       v.                                 PLAINTIFF'S MOTION TO REMAND**
11  SUNDAY JOHN, *et al.*,                  **(Docket No. 5)**
12             Defendants.
13  _____/
14

15        Plaintiff's motion to remand this case to state court came on for hearing before the Court on

16  March 23, 2012.  Docket No. 5.  Because Defendant Sunday John did not receive notice of this

17  motion to remand until March 22, 2012, the Court issues this tentative ruling and gives Defendant

18  John two weeks to oppose this motion.

19              **I.    FACTUAL & PROCEDURAL HISTORY**

20        On July 22, 2011, Plaintiff Aurora Loan Services, LLC brought an unlawful detainer action

21  against Defendants Sunday John and David Christian in the Superior Court of California, County of

22  Alameda.  Docket No. 1.  Plaintiff's complaint alleged that Plaintiff had purchased the subject

23  property in a foreclosure sale, and that Defendants continued to occupy the subject property after the

24  foreclosure sale.  Docket no. 1 at 12-13.

25        Plaintiff's complaint was served upon Defendant John on August 23, 2011.  Motion at 4.  On

26  November 17, 2011, Defendant John removed the case to federal court on the grounds that

27  Plaintiff's complaint presented federal questions.  Docket No. 1 at 3 ¶ 6. On January 27, 2012,

28  Plaintiff filed a motion to remand back to state court and sought attorney's fees pursuant to 28

U.S.C. § 1447.  Motion at 1.  Defendant John contends that he did not receive notice of the motion to remand until March 22, 2012, the day before the hearing on this motion.

## II.   DISCUSSION

A.   Failure to Remove Within 30 Days

Plaintiff argues that Defendant John's Notice of Removal was untimely filed.  A defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  28 U.S.C. § 1446(b)(2)(B) (2006).  Here, Plaintiff states that the complaint was served upon Defendant Sunday John on August 23, 2011.  Motion at 4.  Defendant John did not remove the case to federal court until November 17, nearly three months after being served.  *See* Docket No. 1 at 1.  Plaintiff contends that remand is warranted on this ground alone.

Although Defendant John's Notice of Removal was untimely, Plaintiff's motion to remand was also untimely.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within **30 days** after the filing of the notice of removal under section 1446(a).  28 U.S.C. § 1447(c) (2006) (emphasis added).  The Ninth Circuit has found that "the district court ha[s] no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal."  *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  Here, although Defendant John's Notice of Removal was filed on November 17, 2011, Plaintiff did not move to remand until January 27, 2011, more than two months after the filing of the Notice of Removal.  Accordingly, Plaintiff cannot move to remand the case based on a procedural defect in the removal process, as Plaintiff's motion to remand was not made within 30 days of the filing of the Notice of Removal.

B.   Lack of Jurisdiction

The Court finds that remand is appropriate because the Court lacks subject matter jurisdiction over this case.

First, the Court lacks federal question jurisdiction over the case.  Under the well-pleaded complaint rule, federal question jurisdiction must be based on the contents of the plaintiff's complaint, *not* on defendant's answer or counterclaims.  *Holmes Grp., Inc. v. Vornado Air*

1    *Circulation Sys., Inc.*, 535 U.S. 826, 831 (202).  Here, Defendant John allegedly removed this case

2    on the ground that Plaintiff's complaint presented federal questions.  Docket No. 1 at 3 ¶ 6.

3    However, the only federal question identified by Defendant John is Defendants' defenses under 12

4    U.S.C. § 5220.  Docket No. 1 at 3 ¶ 8.  Defendant John does not identify any federal questions in

5    Plaintiff's complaint, and Plaintiff's complaint asserts only state claims.  Because Plaintiff's

6    complaint is limited to state claims, the Court lacks federal question jurisdiction over this case.

7         Second, the Court lacks diversity jurisdiction over this case.  Diversity jurisdiction requires

8    both complete diversity in citizenship between the parties and an amount in controversy exceeding

9    $75,000.  28 U.S.C. § 1332 (2006).  Here, Plaintiff's complaint seeks a maximum of $10,000, which

10   does not satisfy the amount in controversy requirement.  Accordingly, the Court lacks diversity

11   jurisdiction over this case.

12        Because the Court lacks subject matter jurisdiction over this case, the Court finds that

13   remand to state court is appropriate.

14   C.    Attorney's Fees

15        Plaintiff seeks attorney's fees under 28 U.S.C. § 1447(c) on the ground that Defendant

16   John's removal was baseless.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may

17   require payment of just costs and any actual expenses, including attorney fees, incurred as a result of

18   the removal."  In *Martin v. Franklin Capital Corp.*, the Supreme Court settled the standard for

19   awarding attorney's fees when remanding a case to state court.  546 U.S. 132 (2005).  Specifically,

20   the Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the

21   removal."  *Id.* at 141.  Thus, "[a]bsent unusual circumstances, courts may award attorney's fees

22   under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

23   removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.*

24        In the instant case, the Court finds that Defendant John's removal was objectively

25   unreasonable.  That conclusion does not require that the Court award Plaintiff its fees.  Under the

26   circumstances, fees are not appropriate because defendant John is a pro se litigant, and the rule that

27   removal cannot be based on a federal defense is not intuitively obvious to a pro se litigant.  *See*

28   *Quantum Servicing Corp. v. Castaneda*, No. C-11-2890 EMC, 2011 U.S. Dist. LEXIS 96740, at *5-

6 (N.D. Cal. Aug. 29, 2011) (declining to award attorney's fees where removal was objectively unreasonable but the defendant was a pro se litigant). Further, this is Defendant John's first attempt at removal, and the removal was not necessarily taken in bad faith as Defendant John has expressed his intent to assert federal law claims against Plaintiff. Accordingly, the Court will not award Plaintiff its fees at this juncture.

The Court will, however, warn Plaintiff against any future attempts at removal where there is no objectively reasonable basis for removal. Should Plaintiff again attempt to remove this case to federal court or otherwise obstruct the state case from going forward, the Court may find that an award of attorney's fees and costs is an appropriate sanction. *See U.S. Bank Nat'l ass'n v. Mikels*, No. C 12-47 CW, 2012 U.S. Dist. LEXIS 18996, at *5-6 (N.D. Cal. Feb. 15, 2012) (awarding attorney's fees where the pro se defendant removed an unlawful detainer case to federal court because the court had previously granted a motion to remand in the same case).

### III.  CONCLUSION

For the reasons stated above, the Court tentatively rules that Plaintiff's motion to remand will be granted. Defendant is given two weeks from the date of this order to respond to this tentative ruling, at which point the Court will issue a final order disposing of this motion.


IT IS SO ORDERED.


Dated:  April 3, 2012

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

4